### A05A2055. COLLINS v. THE STATE.
(623 SE2d 192)

MIKELL, Judge.

After a jury trial, John Collins was convicted of child molestation.[1] He was sentenced to fifteen years, five to serve in confinement and ten on probation. On appeal, Collins challenges the sufficiency of the evidence, arguing that the state failed to prove the requisite intent to convict him of child molestation and that the state did not exclude every reasonable hypothesis other than his guilt. We affirm.

"On appeal from a criminal conviction, the evidence must be construed in the light most favorable to the verdict, and the appellant no longer enjoys a presumption of innocence."[2] Furthermore, "an appellate court determines evidence sufficiency and does not weigh the evidence or determine witness credibility."[3]

Construed in favor of the verdict, the evidence shows that the victim, C. T., who was ten years old at the time of the incident, testified that she met Collins at a birthday party for a friend; that she and several other children rode a four-wheeler with Collins; and that Collins touched her vagina from the outside of her clothing while she

---

[25] (Punctuation omitted.) Id.

[26] See *Thomas v. State*, 273 Ga. App. 357, 362 (4) (a) (615 SE2d 196) (2005).

[1] Collins was indicted on six counts of child molestation, involving four different victims. He was acquitted of all but one count.

[2] (Punctuation omitted.) *Hutchinson v. State*, 232 Ga. App. 368, 369 (501 SE2d 873) (1998).

[3] (Citation and punctuation omitted.) *Jones v. State*, 234 Ga. App. 571 (1) (507 SE2d 804) (1998).

was sitting in front of him on the four-wheeler. C. T. testified that she reported the incident to her mother as soon as she returned home because she was scared.

Collins testified that when he rode children on his four-wheeler, he would sit behind the driver so that he could be in contact with the handlebars, brakes, and the gears. Collins further testified that on the day in question, he rode five or six girls on the four-wheeler on a dirt road; that on the last ride they took, C. T. drove the four-wheeler, and he was drinking a beer using his left hand and put his other hand in front of the driver to hold on; and that he could not deny that he touched the victim, but if he did, it was accidental, not sexual. Collins also testified that during that last ride, he told the children that he had to use the bathroom and walked behind the four-wheeler to a location where he did not think he could be seen to do so.

J. G., one of the alleged victims, testified that Collins touched her private parts twice that day while riding on the smooth and rough parts of the road and that she did not tell any of the adults who were present at the party about the incident because she was afraid. On cross-examination, J. G. testified that she and her sister, T. B., both forgot that Collins touched them until they learned two or three weeks later that he had touched C. T. and another girl. The record does not include the testimony of the other alleged victims or any evidence that Collins touched any other body part in his efforts to keep the children safe.

1. Collins argues, without citing any authority, that his conviction must be reversed because there was no evidence presented that he acted with sexual intent. We disagree.

"A person commits the offense of child molestation when he or she does any immoral or indecent act to or in the presence of or with any child under the age of 16 years with the intent to arouse or satisfy the sexual desires of either the child or the person."[4] "Intent, which is a mental attitude, can be inferred, and the law accommodates this."[5] Whether a defendant possesses the requisite intent is "a question of fact for the jury after considering all the circumstances surrounding the acts of which the accused is charged, including words, conduct, demeanor, and motive."[6] We "will not disturb a factual determination by the jury on intent unless it is contrary to the evidence and clearly erroneous. . . . [E]ven when a finding that the accused had the intent

---

[4] OCGA § 16-6-4 (a).

[5] (Footnote omitted.) *Gearin v. State*, 255 Ga. App. 329, 332 (1) (565 SE2d 540) (2002).

[6] (Citation and punctuation omitted.) *McEntyre v. State*, 247 Ga. App. 881, 882 (545 SE2d 391) (2001).

to commit the crime charged is supported by evidence which is exceedingly weak and unsatisfactory[,] the verdict will not be set aside on that ground."[7]

In the instant case, the evidence is undisputed that Collins touched C. T.'s vagina. Collins maintains that he touched C. T. only to keep her from falling from the four-wheeler. But the jury obviously did not believe Collins's explanation, and instead, inferred from his conduct that he possessed the requisite criminal intent. We will not disturb its finding.[8]

2. Collins argues that the evidence was insufficient because it was circumstantial and therefore was required to exclude every other reasonable hypothesis except his guilt. Collins maintains that the explanation that he gave for his conduct was a reasonable hypothesis. We find no merit in Collins's argument.

This case was not based on circumstantial evidence. There was direct evidence from the victim that Collins touched her vagina, and the testimony of the victim, alone, is sufficient to authorize the jury to find Collins guilty. "No requirement exists that this testimony be corroborated. The jury obviously believed the victim's testimony as to the count[ ] on which [Collins] was found guilty"[9] and rejected Collins's explanation. Accordingly, the evidence was sufficient to support Collins's conviction.

*Judgment affirmed. Andrews, P. J., and Phipps, J., concur.*

DECIDED NOVEMBER 14, 2005.

*Brimberry, Kaplan & Brimberry, Jerry W. Brimberry*, for appellant.

*Joseph K. Mulholland, District Attorney*, for appellee.

---

[7] (Footnote omitted.) *Gearin*, supra.

[8] See *Hathcock v. State*, 214 Ga. App. 188, 189-190 (2) (447 SE2d 104) (1994) (jury authorized to infer from defendant's conduct of exposing himself to a child that he possessed the requisite intent even though he argued that his intent was not sexual).

[9] (Citation, punctuation and footnote omitted.) *Spradlin v. State*, 262 Ga. App. 897, 898 (1) (587 SE2d 155) (2003).