A06A1243. PRATER v. THE STATE.
(631 SE2d 746)

BLACKBURN, Presiding Judge.

Robert Joseph Prater was convicted of arson following a jury trial. He appeals, challenging among other things the sufficiency of the evidence. Specifically, he argues that no evidence showed that the burning of his Dodge pickup truck was done without the consent of the lienholder on the truck. We agree. Inasmuch as such a showing was essential to the particular OCGA § 16-7-60 (a) (2) arson conviction at issue here, we reverse.

When reviewing a defendant's challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State.*[1] We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia.*[2]

So construed, the evidence showed that just after 5:30 p.m., witnesses came upon a truck and its attached trailer, which were both burning on an isolated road. Emergency personnel soon arrived and put out the fire. These personnel found the side door of the trailer open, with its back door padlocked. Very few items were in the destroyed trailer. Finding a gasoline can near the truck and no owner nearby, authorities suspected arson.

At 7:00 that evening, Prater (the truck's co-owner) called police, claiming that he had just exited a restaurant and discovered that his truck and attached trailer (filled with numerous construction tools) had been stolen from a nearby parking lot. Prater told police he had arrived at the restaurant at 5:00 p.m., parking his truck and trailer

---

[1] *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).
[2] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

across the street and locking them before entering the restaurant. Police could find no evidence of a forced break-in.

Investigation showed that the restaurant was at least 40 minutes away from the road where the fire occurred, that Prater was in financial difficulty (his expenses exceeded his income, he owed more on the truck than it was worth, and he could not file for bankruptcy since he had done so in recent years), and that some of the missing tools could not have been removed from the trailer unless the back door was open. Prater (who later testified at his trial) denied having anything to do with the fire, maintaining that his truck had been stolen and burned while he was in the restaurant.

Prater's insurance company paid a claim of the lienholder on the truck, and Prater filed an unsuccessful claim for the value of the trailer and for $25,000 in tools, which he claimed had been in the trailer. Concluding that the truck could not have been stolen shortly after 5:00 p.m. and then found burning at 5:30 p.m. at a spot 40 minutes away (with all of the tools removed from the trailer, the back door of which remained padlocked), police charged Prater with arson in the first degree, for which he was indicted. A jury found him guilty, and he appeals, challenging the sufficiency of the evidence.

1. *An Overview of the Arson Statutes.* There are three statutes which speak to the crime of arson. OCGA § 16-7-62 (a) defines arson in the third degree as knowingly damaging (by fire or explosive) personal property of another without his consent, when the value of that property is $25 or more. Also, if another has a security interest in the personal property or the personal property is insured, then arson in the third degree occurs if the lienholder or the insurer or the insured does not consent to the burning.[3] Finally, the burning of any personal property having a value of $25 or more with the intent to prejudice the rights of a spouse or co-owner also constitutes arson in the third degree.[4]

Arson in the second degree is a greater crime and carries more severe punishment. OCGA § 16-7-61 (a) defines that crime as knowingly damaging (by fire or explosive) any building, vehicle, railroad car, watercraft, aircraft, or other structure of another without his consent, or in which another has a security interest without the consent of both the owner and the lienholder. The apparent intent of this statute is to more severely punish those who burn more substantial structures such as buildings and vehicles.

Arson in the first degree is an even greater crime with greater punishment. OCGA § 16-7-60 (a) (1) and (2) define that crime as

---

[3] OCGA § 16-7-62 (a), (b).
[4] OCGA § 16-7-62 (c).

knowingly damaging (by fire or explosive) any dwelling house of another without his consent or any building, vehicle, railroad car, watercraft, or other structure of another without his consent, where that building, vehicle, railroad car, watercraft, or other structure is designed for use as a dwelling. The intent of the statute is clear: an even greater punishment is justified where the burned structure is designed for use as a dwelling. As in the previous arson statutes, if another has a security interest in the structure, then any burning without the consent of both the owner and the lienholder is criminal.

Buildings, vehicles, railroad cars, watercraft, aircraft, dwelling houses, and other structures are also covered by arson in the first degree if they are insured against fire damage and the fire damage occurs without the consent of both the insurer and the insured.[5] Finally, the burning of any building, vehicle, railroad car, watercraft, aircraft, or other structure (regardless of whether designed for use as a dwelling and regardless of who holds an interest in the structure) also constitutes arson in the first degree if done with the intent to prejudice the rights of a spouse or co-owner or if done under such circumstances that it is reasonably foreseeable that human life might be endangered.[6]

The importance of this overview is to demonstrate that the State may prove the burning of a vehicle to be a crime under all three of these statutes, depending on the circumstances. For purposes of this analysis, we set aside those circumstances where the burning of a vehicle is done to prejudice the rights of a co-owner or spouse or is done where life might be endangered. If the vehicle belongs to another or is subject to a security interest of another, and if both the owner and the lienholder do not consent to the burning, the State may prove arson in the third degree under OCGA § 16-7-62 if the vehicle's value is $25 or more, or more likely, since vehicles are specifically referenced in OCGA § 16-7-61, the State may prove arson in the second degree under OCGA § 16-7-61 regardless of the value of the vehicle. Only if the vehicle is designed for use as a dwelling or if the vehicle is insured against fire loss may the State prove arson in the first degree.

In the present case, the vehicle was insured against fire loss. Indeed, the lienholder received payment on its fire loss claim under the insurance policy. *Nevertheless, Prater was not indicted under this subsection of the first degree arson statute, nor was he indicted for second or third degree arson.* Rather, he was indicted for first degree arson based on the allegation that he "did unlawfully knowingly

---

[5] OCGA § 16-7-60 (a) (3).
[6] OCGA § 16-7-60 (a) (4), (5).

damage by means of fire a white 2002 Dodge Ram Truck, the property of Robert Joseph Prater, located at Turnalay Branch Road, in which another person, to-wit: Daimler Chrysler, LLC, had a security interest, to-wit: a lien, without the consent of both contrary to the laws of" Georgia. Thus, the State pursued a first-degree arson conviction under OCGA § 16-7-60 (a) (2), which concerns vehicles in which another party held a security interest — but that subsection also requires that the vehicle be designed for use as a dwelling. Moreover, as with all arson statutes referencing lienholders on the burned item, the State bore the burden of showing that the lienholder did not consent to the burning in order to establish criminality.

2. *Designed for Use as a Dwelling.* Nowhere in the record is there any evidence that Prater's 2002 Dodge Ram Truck was designed for use as a dwelling. Indeed, the pictures of the burned truck would indicate otherwise. The absence of evidence on this element alone demands that we reverse the conviction for first degree arson under OCGA § 16-7-60 (a) (2).

3. *Lack of Consent.* Nor was there a showing of lack of consent. An act of burning is not criminal if all of the owners and also the lienholder of the vehicle consent to the burning. See *Burns v. State.*[7] Thus, another essential element to proving arson under this particular subsection is that the State must prove that either one of the vehicle's owners (if the vehicle is owned by someone other than the defendant) or the lienholder did not consent to the damage to obtain a conviction for arson. See *Hall v. State.*[8] Testimony from either the lienholder or from one of the owners that that entity did not consent to the burning would suffice to satisfy this element of the crime.

(a) *Lack of Consent from the Owner.* Here, the evidence showed that Prater and his wife jointly owned the vehicle at issue.[9] Thus, the vehicle was owned by someone other than the defendant alone. The State presented no evidence that Prater's wife as co-owner did not consent to the burning, even though, in response to Prater's motion for directed verdict on this point, the trial court specifically re-opened the evidence in the case to allow the State to correct this oversight. Indeed, the court instructed the State, "Call Mrs. Prater. I've allowed you to put evidence in that she's the owner of the car. . . . I think that [defense counsel] to some degree is right, you need to ask the question, did you consent to anyone burning up your Dodge truck. She may say yes." The State then attempted to subpoena Mrs. Prater, but

---

[7] *Burns v. State*, 166 Ga. App. 766, 767 (1) (305 SE2d 398) (1983).

[8] *Hall v. State*, 201 Ga. App. 133, 135-136 (6) (410 SE2d 448) (1991).

[9] Even though the indictment listed only Prater as the vehicle's owner, the evidence showed that he owned the vehicle jointly with his wife.

the court granted Mrs. Prater's motion to quash that subpoena when the State was unsuccessful in serving that subpoena timely. Therefore, the State presented no more evidence and instead, abandoning its claim that Mrs. Prater did not consent to the burning, focused in closing argument on the lienholder's lack of consent.

Even though not argued or pursued by the State, we note that the State did introduce a claim form signed by Mr. and Mrs. Prater, in which they state: "I did not cause or procure this loss; nothing has been done by or with my consent or agreement to violate the provisions of the policy so as to render it void." Nowhere in this statement does Mrs. Prater state that she did not consent to the burning of the vehicle. Rather, she simply states that she did not cause or procure the loss, and that she did not consent to anything that violated the provisions of the insurance policy. Since that policy was not introduced into evidence, there is no showing as to the meaning of this language.

(b) *Lack of Consent from Lienholder*. Nor is there any evidence showing that the lienholder on the vehicle did not consent to the vehicle's burning. The State argues that this element was shown by the evidence that "the lien holder was paid on a first-party claim by the insurance company." The State maintains that this insurance company payment to the lienholder was "enough circumstantial evidence for the jury to find that the lienholder did not consent to the burning of the truck." In denying Prater's motion for a directed verdict, the trial court erred in agreeing with this argument.

Under the circumstances of this case, the fact that the lienholder received payment on the insurance claim on the burned vehicle does not constitute evidence that the lienholder did not consent to the vehicle's burning. Absent evidence showing a lack of consent from the lienholder, the State failed to present an essential element of arson under the subsection at issue here. Cf. *Patterson v. State*.[10] Moreover, there is no evidence in this entirely circumstantial case from which a jury could exclude the very reasonable alternate hypothesis that the lienholder consented to the fire so as to recover the insurance proceeds for payment on a loan owed by a financially-troubled debtor. See OCGA § 24-4-6 ("[t]o warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused").

Accordingly, we are constrained to reverse the conviction here. This moots the remaining enumerations of error.

*Judgment reversed. Mikell and Adams, JJ., concur.*

---

[10] *Patterson v. State*, 202 Ga. App. 440, 442 (3) (414 SE2d 895) (1992).

DECIDED MAY 23, 2006.

*Germano & Kimmey, C. David Turk III*, for appellant.
*Lee Darragh, District Attorney, Matthew C. Dalrymple, Assistant District Attorney*, for appellee.