295 Ga. 76
FINAL COPY

S13G1070.  THE STATE v. COSMO.

BENHAM, Justice.

Dennis Cosmo was convicted of, among other things, a violation of section (d) (1) of the former version of the "Computer or Electronic Pornography and Child Exploitation Prevention Act," OCGA § 16-12-100.2, prior to the statute's amendment in 2013.  That conviction was reversed by the Court of Appeals in its decision, *Cosmo v. State*, 320 Ga. App. 397 (739 SE2d 828) (2013).  We granted the petition for writ of certiorari filed by the State to consider whether proof of a direct communication with a child is required to prove a violation of the statute.  For the reasons set forth below, we conclude that direct communication was not required for a conviction pursuant to the crime as charged in this case, and we reverse the holding of the Court of Appeals as it relates to Cosmo's conviction for violation of this statute.[1]

The facts are set forth in detail in the Court of Appeals opinion and demonstrate that Cosmo communicated via the Internet, and later via telephone

---

[1] The Court of Appeals' reversal of convictions and remand for retrial as a result of the trial court's failure to charge on entrapment is not impacted by this Court's ruling.

and telephone text messaging, with an undercover law enforcement agent posing as a woman named "Amber" regarding Amber's offer to engage in a sexual encounter with Cosmo involving herself and at least one of three under-aged children that she claimed were her daughters. 320 Ga. App. at 398-401. The evidence established that Cosmo engaged in a dialogue and negotiations with Amber regarding Amber's proposal and that he agreed to an encounter with Amber and the girl he was told was fourteen years old. Id. Cosmo set forth in explicit detail the acts he was attempting to solicit with respect to this fictitious child. Id. It is undisputed, however, that Cosmo never communicated directly with a person he believed to be a child and that he communicated only with a person he believed to be Amber, the child's parent.

The wording of OCGA § 16-12-100.2 (d) (1) in effect at the time Cosmo was indicted provided:

> It shall be unlawful for any person intentionally or willfully to utilize a computer on-line service or Internet service, including but not limited to a local bulletin board service, Internet chat room, e-mail, on-line messaging service, or other electronic device, to seduce, solicit, lure, or entice, or attempt to seduce, solicit, lure, or entice a child or another person believed by such person to be a child to commit any illegal act described in Code Section 16-6-2, relating to the offense of sodomy or aggravated sodomy; Code Section 16-6-4, relating to the offense of child molestation or

2

aggravated child molestation; Code Section 16-6-5, relating to the offense of enticing a child for indecent purposes; or Code Section 16-6-8, relating to the offense of public indecency or to engage in any conduct that by its nature is an unlawful sexual offense against a child.[2]

Cosmo asserted on appeal that the evidence was insufficient to support a conviction because the evidence failed to show any interaction between himself and a child or person he believed to be a child. 320 Ga. App. at 402. The Court of Appeals reversed his conviction for this offense on the ground "that the plain meaning of the phrase 'seduce, solicit, lure, or entice a child or another person believed by such person to be a child to commit any illegal act' cannot be construed to encompass his communication with only an adult or person known to be an adult." Id. The Court of Appeals, however, failed to consider that this Code section makes it a crime to "*attempt* to seduce, solicit, lure, or entice a child or another person believed by such person to be a child" to commit an illegal act enumerated in the statute. (Emphasis supplied.) The count of the indictment accusing Cosmo of violating the Act specifically accused him of

---

[2] Effective July 1, 2013, this Code Section was amended, in pertinent part, to insert the phrase "any person having custody or control of a child, or another person believed by such person to have custody or control of a child," after the phrase "or another person believed by such person to be a child . . . ." See Ga. L. 2013, p. 663 § 3/HB 156.

3

"attempt to solicit" a person he believed to be a child to commit child molestation and aggravated child molestation.

OCGA § 16-12-100.2 (d) (1) makes the attempt to do certain prohibited acts one of the ways in which the statute may be violated. In construing the element of attempt within this statute, we look to OCGA § 16-4-1, the statute that defines criminal attempt as a separate offense: "A person commits the offense of criminal attempt when, with intent to commit a specific crime, he performs any act which constitutes a substantial step toward the commission of that crime." Thus, attempt within OCGA § 16-12-100.2 (d) (1) involves two elements: intent to commit a crime (in this case, intent to solicit a child for an unlawful sexual offense), and the taking of a substantial step toward the commission of that crime (in this case, a substantial step toward soliciting a child for that unlawful offense). Communication with a person the defendant believes to be the parent of a child who is the object of the defendant's attempt to solicit satisfies the intent element of the offense.

A similar conclusion has been reached by federal courts in construing a federal statute that is substantially similar to OCGA § 16-12-100.2 (d) (1). Pursuant to 18 U.S.C. § 2422 (b):

4

> Whoever, using the mail or any facility or means of interstate or foreign commerce . . . knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life.

In *United States v. Murrell*, 368 F3d 1283 (11th Cir. 2004), the Eleventh Circuit Court of Appeals affirmed the conviction of a defendant who was charged with attempt to knowingly persuade, induce, entice, or coerce the minor to engage in unlawful sexual activity. Murrell had engaged in Internet communications with an undercover officer posing as the adult parent of a thirteen year-old girl and arranged to meet the purported parent and daughter for the purpose of engaging in sexual activity with the minor. Murrell's actions were viewed as inducement within the statute, and the court found that his actions satisfied the intent element of attempt, even though he did not communicate directly with the purported child. According to the court:

> By negotiating with the purported father of a minor, Murrell attempted to stimulate or cause the minor to engage in sexual activity with him. Consequently, Murrell's conduct fits squarely within the definition of "induce." Moreover, we note that the efficacy of § 2422 (b) would be eviscerated if a defendant could circumvent the statute simply by employing an intermediary to carry out his intended objective. In this case, Murrell

5

communicated with an adult who he believed to be the father of a thirteen-year-old girl and who presumably exercised influence over the girl. Murrell's agreement with the father, who was acting as an agent or representative, implied procuring the daughter to engage in sexual activity. Because we find that Murrell acted with the intent to induce a minor to engage in unlawful sexual activity, the first element of attempt is satisfied.

Id. at 1287. The court found the second element of attempt — the taking of a substantial step toward the intended goal — was satisfied by evidence of his objective acts, which included making several explicit incriminating statements to the undercover officer, traveling two hours to meet a minor girl for sex in exchange for money, and carrying, among other things, cash and condoms with him when he arrived at the meeting site. Id. at 1288. The court concluded that Murrell's conduct was a violation of the statute because direct communication with a minor is unnecessary pursuant to the terms of the statute and because Murrell's conduct satisfied both elements of attempt. Id. At least five other federal appellate courts have also held that conviction under 18 U.S.C. § 2422 (b) does not require communication directly with a child but that the communication may be with an adult intermediary.[3]

_____

[3] See *United States v. Caudill*, 709 F3d 444 (5th Cir. 2013) (defendant's communication with a person he thought to be an adult who was supervising minor children was sufficient to show a knowing attempt to persuade, induce, or entice the minors); *United States v. Berk*, 652 F3d 132, 140

6

Cosmo urges that attempting to solicit a minor to engage in illegal conduct, pursuant to OCGA § 16-12-100.2 (d) (1), is materially distinguishable from attempting to induce a minor to engage in illegal conduct pursuant to 18 U.S.C. § 2422 (b), the criminal activity for which the defendant in the *Murrell* case was found guilty. This is because, Cosmo asserts, solicitation requires a direct communication with the minor. We disagree. 18 U.S.C. § 2422 (b) relates to conduct whereby the defendant "knowingly persuades, induces, entices, or coerces" a minor to engage in prohibited sexual conduct. In *United States v. Nestor*, the Third Circuit Court of Appeals examined the term "persuade," another term used in the federal statute, and concluded that persuasion does not require direct communication with the person the actor seeks to persuade because, for example, "[b]usinesses and individuals regularly seek to persuade others through advertising intermediaries and negotiating

(1st Cir. 2011), cert. denied, ___ U. S. ___ (132 SCt 1650, 182 LE2d 245) (2012) (defendant's communication with one he thought was the minor's mother was sufficient to support conviction for attempt to entice a minor to engage in sexual activity in violation of the federal statute); *United States v. Douglas*, 626 F3d 161, 164-165 (2d Cir. 2010) (defendant's conversation with purported mother of minors constituted an attempt to persuade the minors through their mother to engage in prohibited sexual conduct); *United States v. Nestor*, 574 F3d 159, 162 (3d Cir. 2009) (because the crime defined by 18 U.S.C. § 2422 (b) is one of attempt, a defendant who communicates with an adult intermediary to attempt to persuade, induce, entice, or coerce the child can be held to violate the statute); *United States v. Spurlock*, 495 F3d 1011, 1014 (8th Cir. 2007) (defendant's conversation with purported mother of minors constituted an attempt to persuade the minors through their mother to engage in prohibited sexual conduct).

agents." 574 F3d 159, 162, n. 4. Likewise, a solicitation of another may be made by communication with a third party. Just as solicitation of prostitution can be made through a third party pimp, solicitation of a child to commit the acts prohibited by OCGA § 16-12-100.2 (d) (1) may be conducted through an adult intermediary who is believed to be in a position of trust or authority with respect to the child. As the Eleventh Circuit Court stated in *Murrell*, "the efficacy of [the statute] would be eviscerated if a defendant could circumvent the statute simply by employing an intermediary to carry out his intended objective." *Murrell,* supra, 368 F3d at 1287. Certainly, the *intent* to solicit a child for illegal sexual activity may be established by communication with such an adult intermediary. The intent element of attempt to solicit a child pursuant to OCGA § 16-12-100.2 (d) is established by the evidence in this case.

The second element of criminal attempt with respect to the crime charged — the taking of a substantial step toward the commission of soliciting a child — is also established in this case. Cosmo engaged in several communications with the undercover officer whom he believed to be the minor child's mother to discuss and negotiate the terms of an encounter with the child. He traveled a substantial distance from one part of the state to another to meet the child at the

appointed place and time.  When taken into custody, he had in his possession $300 cash, condoms, and a receipt for the purchase on that day of a male performance enhancement agent.  This evidence would entitle a jury to find Cosmo had engaged in substantial steps to establish criminal attempt of the crime charged.  See *State v. Grube*, 293 Ga. 257, 259-260 (2) (744 SE2d 1) (2013); *Brown v. State*, 321 Ga. App. 798, 800 (1) (743 SE2d 474) (2013).  In fact, the jury, which was instructed on criminal attempt, found Cosmo guilty.

Accordingly, that portion of the Court of Appeals opinion finding Cosmo may not be convicted of that count of the indictment charging him with violating OCGA § 16-12-100.2 (d) (1) by attempting to solicit a child, because the evidence shows he did not interact directly with a person he believed to be a child, is reversed.  Upon remand of the case to the trial court, Cosmo may be retried on this count of the indictment.

Judgment reversed in part.  All the Justices concur.

_____

_____

Decided April 22, 2014.

Certiorari to the Court of Appeals of Georgia – 320 Ga. App. 397.

Herbert E. Franklin, Jr., District Attorney, Alan C. Norton, Assistant District Attorney, for appellant.

Adam M. Hames, for appellee.