WELCH, Judge.
Kenneth Rosier was charged with two counts of violating § 13A-6-122, Ala.Code 1975, addressing electronic solicitation of a child and attempted electronic solicitation of a child, and one count of traveling to meet a child for an unlawful sex act, § 13A-6-124, Ala-.Code 1975. ■ Pursuant to a plea agreement, Rosier pleaded guilty to one count of violating § 13A-6-122, and the State nol-prossed the remaining charges. The Mobile Circuit Court sentenced Rosier, pursuant to the plea agreement, to 10 years in prison, split to serve 18 months, ip prison followed by 5 years of supervised probation. He was further ordered to pay court costs, a $50 assessment to the Crime Victims’ Compensation Fund, and a bail-bond processing fee. .
Facts ‘ s
The Saraland Police Department set up á sting operation by placing an advertisement on the Internét Web site, “Craigslist.” The advertisement contained embedded- initials indicating that the .advertisement was. intended to. lead to the.Internet pornography site, “Family-Fun,” which was described at .trial-as “a euphemism for a parent who has underage children available for sex.” (R; 5.) Approximately two hours after the advertisement was . posted, Rosier responded via the Internet. An undercover officer posed as Cindy Carmichael (“Cindy”.), a , mother of two girls who were 13 and *212 11 years old and a son who was 8 years old. Conversations via computer continued between Rosier and Cindy during the following days. Cindy assured Rosier that her daughters were “fíne” with engaging in sexual activity arranged by their mother, and she said: “They are active participants. They are obedient and disciplined.” (C. 54.) Rosier expressed a desire to have sexual contact with the two girls while Cindy watched. Rosier arrived at the address Cindy had given him, and he was arrested by detectives of the Saraland Police Department. Rosier confessed to police that he was there to have oral sex with the children, and police found condoms in his car.
Rosier moved to dismiss the case, and he argued that all of his communication had been with an adult and not a child or someone he believed to be a child. Therefore, he said, his conduct did not fall within the range of behavior prohibited by the statute and, accordingly, the indictment should be' dismissed. The State filed a response to the motion to dismiss and argued that, because Rosier had made arrangements for sex with minors by communicating with the person who he believed had total control over the children, the motion to dismiss should be denied. Rosier pleaded guilty and reserved for appeal the issue raised in his motion to dismiss. The trial court then denied the motion to dismiss as moot.

Analysis

Rosier argues that the trial court erred when it denied his motion to dismiss because, he says, the facts are undisputed and they failed to establish a violation of § 13A-6-122, Ala.Code 1975. Both Rosier and the State agree that this is a case of first impression in Alabama. We apply the de novo standard of review to questions of statutory construction. Ex parte Ankrom, 152 So.3d 397, 407 (Ala.2013). We also apply a de novo standard of review when considering a trial court’s conclusions of law and its application of law to the facts. Stewart v. State, 990 So.2d 441, 442 (Ala.Crim.App.2008).
Section 13A-6-122, Ala.Code 1975, provides:
“[A] person who, knowingly, with the intent to commit an unlawful sex act, entices, induces, persuades, seduces, prevails, advises, coerces, lures, or orders, or attempts to entice, induce, persuade, seduce, prevail, advise, coerce, lure, or order, by means of a computer, on-line service, Internet service, Internet bulletin board service, weblog, cellular phone, video game system, personal data assistant, telephone, facsimile machine, camera, universal serial bus drive, writable compact disc, magnetic storage device, floppy disk, or any other electronic communication or storage device, a child who is at least three years younger than the defendant, or another person believed by the defendant to be a child at least three years younger than the defendant to meet with the defendant or any other person for the purpose of engaging in sexual intercourse, sodomy, or to engage in a sexual performance, or sexual conduct for his or her benefit or for the benefit of another, is guilty of electronic solicitation of a child.”
The parties agree that Rosier did not communicate with a child or with a person who he believed to be a child. Rosier argues that, by communicating exclusively with an adult, his actions did not violate § 13A-6-122. The State argues that, because the statute criminalizes not only the completed offense, but also an attempt to commit the offense, proof that Rosier had direct communication with a child or a person he believed to be a child was not necessary. The State further argues that *213 Rosier was guilty of attempted solicitation of a child because he communicated with the purported mother of the children in an attempt “to entice, induce, persuade, seduce, prevail, advise, coerce, lure, or order” the children to engage in sexual activity with him, and he took substantial steps toward the commission of the offense by negotiating terms of the sexual contact and traveling to the apartment where he believed the children lived.
Although this is a case of first impression, the rules of statutory interpretation governing our resolution of this issue are well settled.
“ ‘When the language of a statute is plain and unambiguous, as in this case, courts must enforce the statute as -written by giving the words of the statute their ordinary plain meaning — they must interpret that language to mean exactly what it says and thus give effect to the apparent intent of the Legislature.’ Ex parte T.B., 698 So.2d 127, 130 (Ala.1997).”
Ex parte Pfizer, Inc., 746 So.2d 960, 964 (Ala.1999), quoted with approval in Ex parte Ankrom, 152 So.3d 397, 409 (Ala. 2013).
The statute criminalizes direct communication with a child at least three years younger than a defendant and communication with someone the defendant believes to be a child at least three years younger than the defendant for the purpose of engaging in sexual acts with the child. The statute also criminalizes an attempt by a defendant “to entice, induce, persuade, seduce, prevail, advise, coerce, lure, or order” a child to meet with the defendant for the purpose of engaging in sexual activity. “A person is guilty of an attempt to commit a crime if, with the intent to commit a specific offense, he does any overt act towards the commission of such offense.” § 13A-4-2, Ala.Code 1975.
Rosier attempted to induce the two children to meet with him to engage in sexual activity. Definitions for the term “induce” include “to call forth or bring about by influence or stimulation” and “to cause the formation of.” Memam-Webster’s Collegiate Dictionary 637 (11th ed.2003). By communicating electronically with a person he believed to be the mother of the children with whom he intended to engage in sexual activity, by stating the types of sexual activity he desired to have with the children, and by traveling to the apartment where he believed the children lived, Rosier attempted to cause or bring about a meeting with the minors to engage in unlawful sexual activity with them. Therefore, Rosier’s actions fulfilled the statutory requirements necessary to prove an attempt to commit electronic solicitation of a child. The trial court did not err when it denied Rosier’s motion to dismiss.
Although such decisions are not binding on this Court, we note that several courts of appeals have reached the same conclusion we have here. The Georgia Supreme Court in State v. Cosmo, 295 Ga. 76, 757 S.E.2d 819 (2014), held that a defendant can be convicted of attempting to induce, solicit, or otherwise entice a child into engaging in sexual activity even though the defendant communicated only with the person the defendant believed to be the parent of that child. Cosmo was convicted of violating Ga.Code Ann. § 16-12-100.2(d)(1), entitled the “Computer or Electronic Pornography and Child Exploitation Prevention Act of 2007.” The version of the statute in effect at the time Cosmo was indicted was similar in all relevant respects to § 13A-6-122, Ala.Code 1975. The Georgia statute prohibited any person from intentionally or willfully using a computer on-line service “or other electronic device to seduce, solicit, lure, or entice, or attempt to seduce, solicit, lure, *214 or entice a child or another person believed by such person to be a child” to commit an unlawful sex act. Cosmo communicated via the Internet and telephone with an undercover agent posing as the mother of a minor daughter, and they agreed on details of the sexual encounter Cosmo intended to have with the minor. Cosmo argued on appeal that the evidence did not support his conviction because, he said,- the State failed to prove that he had contact -with a child or someone he believed to be a child. The Georgia Court of Appeals agreed and reversed his conviction, Cosmo v. State, 320 Ga.App. 397, 739 S.E.2d 828 (2013), but the Georgia Supreme Court reversed that judgment. The Georgia Supreme Court held:
“[Ga.Code Ann.,] § 16-12-100.2(d)(l) makes the attempt to do certain prohibited acts cine of the ways in which the statute may be violated.’ In construing the element of attempt within this statute, we look to [Ga.Code Ann.,] § 16-4-1, the statute that defines criminal attempt as a separate offense: ‘A person . commits the offense of criminal attempt when, .with intent to commit a specific . crime, he performs any act which constitutes a substantial step toward the comr mission of that crime.’ Thus, attempt within ■ [Ga.Code Ann.,] § 16 — 12— 100.2(d)(1) involves two elements: intent to commit a crime (in this case, intent to solicit a child for an unlawful sexual offense), and the taking of a substantial step toward the commission of that crime (in this case, a substantial step toward soliciting a child for that unlawful offense). Communication with a person the defendant believes to be the parent of a child who is the object of the defendant’s attempt to solicit satisfies the intent element of the offense.”
State v. Cosmo, 295 Ga. at 78, 757 S.E.2d at 820-21 (emphasis added).
The Georgia Supreme Court discussed United States v. Murrell, 368 F.3d 1283 (11th Cir.2004), in which the United States Court of Appeals for the Eleventh Circuit reached the same result when construing a substantially similar federal statute. That statute, 18 U.S.C. § 2422(b), provides:
“Whoever, using the mail or any facility or means of interstate or foreign commerce ... knowingly persuades, induces, entices, or coerces any individual who has not attained.the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life,” -
The Georgia Supreme Court stated:
“In United States v. Murrell, 368 F.3d 1283 (11th Cir.2004), the Eleventh Circuit Court of Appeals affirmed the conviction of a defendant who was charged with attempt to knowingly persuade, induce, entice, or coerce the minor to engage in unlawful sexual activity. Murrell had engaged in Internet communications with an undercover officer posing as the adult parent of a thirteen year-old girl and arranged to meet the purported parent and daughter for the purpose of engaging in sexual activity with the minor. Murrell's actions were viewed as inducement within the statute and the- court found that his actions satisfied the intent element of attempt, even though he did not communicate-directly with the pur- . ported child.. According to the court:
“‘By negotiating with the purported father of a minor, Murrell attempted to stimulate or cause the minor to engage in sexual -activity with him. ' Consequently, Murrell’s conduct fits squarely within the definition of “induce.” Moreover, we -note that the *215 efficacy of § 2422(b) would be eviscerated if a defendant could circumvent the statute simply by employing.an intermediary to carry out his intended objective. In this case, Murrell communicated with an adult who he believed to be the father of ⅜,.thirteen-year-old girl and who presumably exercised influence over the girl. Mur-rell’s agreement with the father, who was acting as an agent, or representative, implied procuring the daughter to engage in sexual activity. Because .we find that Murrell acted with .the intent to induce a minor to engage in unlawful sexual activity, the first element of attempt is satisfied.’
“Id. at 1287.” ,
295 Ga. at 78-79, 757 S.E.2d at 821.
The Georgia Supreme Court also stated that at least five other United States Circuit Courts of Appeals had held that 18 U.S.C. § 2422(b) is violated even when the defendant does not communicate directly with the child, but communicates with a parent or other adult intermediary. State v. Cosmo, 295 Ga. at 79 n. 3, 757 S.E.2d at 821 n. 3 (citing cases). We also agree with the recent analysis of this issue by the United States Court of Appeals for. the Seventh Circuit. United States v. McMillan, 744 F.3d 1033 (7th Cir.2014). That court stated: “The statute prohibits not only the knowing persuasion (etc.) of the minor, but also attempts to persuade, induce, entice, or coerce the minor into the criminal sexual acts. One particularly effective way to persuade or entice a person to do something is to enlist the help of a trusted relative, friend, or associate.” Id. at 1035-36.
Thus, our holding in this case — that Rosier was properly convicted of violating § 13A-6-122 because he attempted to commit the electronic solicitation of a child — is the same as the holding reached by other courts of appeals.
..Based on the foregoing, we affirm the circuit court’s judgment.
AFFIRMED.
WINDOM, P. J., and KELLUM, BURKE, and JOINER, JJ., concur.